IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENYA TEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20cv1166 |
| | ) | |
| JOSHUA STEIN, | ) | |
| TAMIKA HENDERSON, | ) | |
| and MATTHEW TULCHIN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff initiated this action, *pro se,* on December 29, 2020, alleging that Defendants had violated her civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On the same day summons were issued to Plaintiff by the clerk's office to be served upon Defendants. (ECF No. 4.) On February 3, 2021, before Defendants entered an appearance in the case, Plaintiff filed an Amended Complaint. (ECF No. 5.) While there are a number of motions that have been filed in this case by both Plaintiff[1] and Defendants[2], because Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6), (ECF No. 13), will implicate this Court's personal jurisdiction over Defendants, the Court must address the issue of whether it has personal jurisdiction over the

---

[1] Plaintiff's Motion to Disqualify Counsel, (ECF No. 10); Motion for Leave to File Second Amended Complaint, (ECF No. 21); Motion for Leave to File Third Amended Complaint, (ECF No. 25); and Motion for Leave to File Fourth Amended Complaint, (ECF No. 28).

[2] Defendants' Motion to Seal, (ECF No. 11), and Motion for Entry of Pre-Filing Injunction, (ECF No. 15).

Defendants before proceeding to the parties' other motions. For the reasons stated below, the Court concludes that Plaintiff has failed to meet its burden of demonstrating that the Court has personal jurisdiction over the Defendants and therefore the action will be dismissed.

**I. LEGAL STANDARDS**

A motion to dismiss made pursuant to Rule 12(b)(4) challenges the sufficiency or "form" of the process itself, while a motion to dismiss made pursuant to 12(b)(5) attacks a complaint for insufficient service of process. *Wilson v. PNC Bank, N.A.*, No. 1:19CV472, 2020 WL 1144711, at *1 (M.D.N.C. Mar. 9, 2020). Effective service of process, i.e., the procedural component of personal jurisdiction, "is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see D'Addario v. Geller*, 264 F. Supp. 2d 367, 389 (E.D. Va. 2003) ("Due process requires that the service of process 'must be reasonably calculated to inform the defendant of the pendency of the proceedings in order that he may take advantage of the opportunity to be heard in his defense.'" (quoting *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974))). When a defendant challenges the sufficiency of service, the plaintiff has the burden of showing that service of process complies with the procedural requirements set forth in Rule 4. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011); *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

The Court may construe the elements of Rule 4 liberally if it is clear that a defendant had actual notice of "the commencement of the action and the duty to defend has been received by the one served." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). While purely "technical" violations may not invalidate service of process, "the rules are there to be

2

Case 1:20-cv-01166-LCB-JEP   Document 36   Filed 03/10/22   Page 2 of 7

followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). For service to be proper, it must be made in accordance with the rules. *See* Fed. R. Civ. P. 4(e)(1) (permitting an individual to be served by "following state law for serving a summons"); *see generally* N.C. R. Civ. P. 4 (governing process).

North Carolina courts have long recognized "liberality as the canon of construction when interpreting the North Carolina Rules of Civil Procedure." *Washington v. Cline*, 761 S.E.2d 650, 655–56 (N.C. App. 2014). Adhering to that principle, "[t]echnicalities and form are to be disregarded in favor of the merits of the case." *See Lemons v. Old Hickory Council, Boy Scouts of Am., Inc.*, 367 S.E.2d 655, 657 (N.C. 1988). However, the rules governing service of process are to be "strictly enforced to [e]nsure that a defendant will receive actual notice of a claim against him." *Grimsley v. Nelson*, 467 S.E.2d 92, 94 (N.C. 1996). In that sense, North Carolina courts and the Fourth Circuit echo one another: at the end of the day, the rules are there to be followed. *See id.*; *Armco*, 733 F.2d at 1089.

Moreover, North Carolina courts "have repeatedly held that actual notice is not a valid substitute for service when that service does not comply with the statute." *Stack v. Union Reg'l Mem'l Med. Ctr., Inc.*, 614 S.E.2d 378, 382 (N.C. Ct. App. 2005) (collecting cases); *see also Roshelli v. Sperry*, 291 S.E.2d 355, 356 (N.C. Ct. App. 1982) ("It is generally held that process must be issued and served in the manner prescribed by statute, and failure to do so makes the service invalid even though a defendant had actual notice of the lawsuit.").

Compliance with the rules applies "equally to litigants proceeding with or without counsel." *Wilson*, 2020 WL 1144711, at *2 (quoting *Shaver v. Cooleemee Volunteer Fire Dep't*, Civil

3

Action No. 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008)); *see also Warren v. GBF Med. Grp.*, No. 1:21-CV-491, 2021 WL 3742129, at *2 (M.D.N.C. Aug. 24, 2021) ("Even *pro se* litigants must follow the proper procedural rules of the court. And it is not the court's role to become an advocate for the *pro se* litigant."). "Absent waiver or consent, a [plaintiff's] failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A defendant waives service if the defendant signs a form consenting that service and summons does not have to be served upon his person, Fed. R. Civ. P. 4(d)(1)–(2) or fails to raise the service and summons issue in a pre-answer filing or in its answer, *Pusey v. Dallas Corp.*, 938 F.2d 498, 501 (4th Cir. 1991). Without such a waiver, under the United States Constitution, a court that lacks personal jurisdiction has no power hear the suit. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

## II. DISCUSSION

Defendants move to dismiss this action asserting that the Court lacks personal jurisdiction over Defendants because Plaintiff's process and service of process were insufficient pursuant to Rules 12(b)(2), (4) and (5) of the Federal Rules of Civil Procedure. (ECF No. 14 at 8.) Specifically, Defendants argue that "process and service of process were both insufficient because the summons that Plaintiff secured was issued <u>before</u> she filed her Amended Complaint," thus depriving the Court of jurisdiction over Defendants. (*Id.*)

Plaintiff in her Memorandum of Law in Opposition to Defendant's Motion argues that she did not obtain a second summons due to interactions with the clerk's office. (ECF No.

4

19 at 5.) Specifically, she asserts that she "attached a note with the amended complaint, letting the clerk's office know, that the original complaint had not been served yet." (*Id.*) According to Plaintiff, "[t]he clerk's office did not send a second summons for each defendant to the plaintiff, only copies of the [A]mended [C]omplaint." (*Id.*) Due to this action by the clerk's office, Plaintiff asserts that she did not believe that a second summons was needed for an amended complaint in the same lawsuit. (*Id.*)

Rule 4 of the Federal Rules of Civil Procedure requires that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal." Fed. R. Civ. P. 4(b). In addition, under Rule 4, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Thus, "it is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1146 (4th ed. 2021).

Defendants cite to *Wallace v. City of Washington*, No. 14-CV-1457, 2015 WL 758447 (C.D. Ill. Feb. 23, 2015), a case with facts similar to the instant action, to support their contention that Plaintiff did not serve them in accordance with Rule 4. (ECF No. 14 at 9.) In *Wallace*, the plaintiffs sought leave to file an amended complaint. *Wallace*, 2015 WL 758447, at *1. However, before the court granted plaintiffs' motion, plaintiffs obtained a summons on January 20, 2015, and subsequently served the defendant on either January 20 or January 22, 2015. *Id.* The defendant argued that the plaintiffs' "summons was not valid because it was issued before the amended complaint was filed." *Id.* at *2. The court clarified that "[a] valid summons is issued when a plaintiff, "*on or after* filing the complaint," presents "a

5

summons to the clerk for signature and seal." *Id.* (quoting Fed. R. Civ. P. 4(b)) (emphasis in original). The court held that the summons was not valid and did not comply with Rule 4, because "the summons was issued before [the plaintiffs' amended complaint] was filed, rather than on or after [plaintiffs' amended complaint] was filed," as provided by the rule. *Id.*

The Court finds *Wallace* to be persuasive. Here, as in *Wallace*, Plaintiff filed her initial Complaint and summons was issued to Defendants on December 29, 2020. Before Defendants appeared in the action, Plaintiff filed an Amended Complaint. Because Defendants had not appeared prior to Plaintiff filing her Amended Complaint, Plaintiff was required to serve her Amended Complaint in conformity with Rule 4. However, Plaintiff failed to do so. After filing her Amended Complaint on February 3, 2021, Plaintiff failed to have a new summons issued *on or after* that date. Consequently, Plaintiff did not serve Defendants with a valid summons in accordance with Rule 4. Therefore, because the Amended Complaint, which is the operative complaint was not served with a valid summons, service of process was improper. *See* Fed. R. Civ. P. 4(c)(1).

While it appears that Plaintiff attempts to shift blame for her failure to cause summons to be issued with her Amended Complaint to the clerk's office, as earlier stated it is not the Court's role (in this case through the clerk's office) to act as counsel or advocate for a *pro se* litigant. Nor has Plaintiff demonstrated waiver or consent by Defendants to forego compliance with Rule 4. Defendants maintain that they were not properly served and expressly state that they do not waive any defenses to the process and service defects. (ECF No. 7.) Nor does their appearance in the case serve as a waiver, whereas in this case, Defendants asserted its objection in a pre-answer filing. *See* Fed. R. Civ. P. 12(h)(1)(B) ("A

6

Case 1:20-cv-01166-LCB-JEP   Document 36   Filed 03/10/22   Page 6 of 7

party waives any defense listed in Rule 12(b)(2)-(5) by: . . . failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading."); *Pusey*, 938 F.2d at 501 (stating that a party waives the defense of insufficient service of process and submits to the court's personal jurisdiction if they fail to raise it in a pre-answer motion or its answer).

Plaintiff has failed to carry her burden of establishing that the process and service of process was proper with respect to the Amended Complaint and the Court concludes that it does not have jurisdiction over Defendants. Accordingly, this Court will grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction, and this action will be dismissed.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 13), is **GRANTED** for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5), and that this action is **DISMISSED**.

This the 10th day of March 2022.

/s/ Loretta C. Biggs
United States District Judge