# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENYA TEASLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:20cv1166 |
| JOSHUA STEIN, TAMIKA HENDERSON, and MATTHEW TULCHIN, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

On March 10, 2022, this Court entered a Memorandum Opinion and Order dismissing this case for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). (ECF No. 36 at 7.) Plaintiff Kenya Teasley now moves to reopen the case first filing a Motion to Reopen pursuant to Federal Rule of Civil Procedure 60(b)(6), (ECF No. 37), and subsequently filing an Amended Motion to Reopen pursuant to Rule 60(b)(3), (ECF No. 40). For the reasons that follow, the Court will deny these motions.

## I.    STANDARD OF REVIEW

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment" for reasons enumerated in the rule. *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). "Therefore, before a party may seek relief

under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Id.* (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, [she] then must satisfy one of the six enumerated [reasons] of Rule 60(b)." *Id.* Those reasons are:

    (1)    mistake, inadvertence, surprise, or excusable neglect;

    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4)    the judgment is void;

    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Disposition of Rule 60(b) motions is within the discretion of the district court." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991). A court "need not address whether [a] movant satisfied the[] four threshold requirements . . . if [the court] find[s] that the movant has not sufficiently satisfied one of the Rule 60(b) grounds for relief." *Hunt v. Debt Assistance Network, LLC*, No. 18-CV-644, 2022 WL 16835865, at *2 (M.D.N.C. Mar. 3, 2022) (quoting *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 412 n.12 (4th Cir. 2010)).

## II. DISCUSSION

As stated earlier, Plaintiff brought her original Motion to Reopen pursuant to Rule 60(b)(6). (ECF No. 37 at 1.) However, shortly after Defendants filed their opposition to that motion, Plaintiff filed her Amended Motion to Reopen, in which she states that she instead

2

moves pursuant to Rule 60(b)(3) and that "Rule 60(b)(6) is not an issue any longer." (ECF No. 40 at 1.) The Court therefore finds that Plaintiff has abandoned the original Motion to Reopen and will dismiss that motion with prejudice. Consequently, the Court will consider only Plaintiff's Amended Motion to Reopen pursuant to Rule 60(b)(3).

Rule 60(b)(3) allows a movant to obtain relief from a final judgment if the opposing party committed fraud, misrepresentation, or misconduct. Fed. R. Civ. P. 60(b)(3). Plaintiff alleges that Defendants misrepresented a date to the Court in a Motion for an Extension of Time to File a Responsive Pleading that Defendants filed on March 22, 2021.[1] (ECF No. 40 at 1–2; *see* ECF No. 7.) In that motion, the three Defendants in this case jointly stated that they received Plaintiff's Amended Complaint on March 2, 2021, and that, assuming service was proper, their answer or other response to the Amended Complaint was therefore due March 23, 2021. (ECF No. 7 ¶¶ 2, 3.) Plaintiff now claims that this was a false representation because one of the three Defendants "signed for his complaint packet on February 26, 2021," (ECF No. 40 at 1). Plaintiff calculates that Defendants' responsive pleading was therefore actually due on March 19, 2021 (*i.e.*, twenty-one days after February 26, 2021). (*Id.* at 2.) Since the Motion for an Extension of Time was filed three days after Plaintiff calculates a responsive pleading was due, Plaintiff argues that Defendants waived their personal jurisdiction defense and thus her Amended Complaint should not have been dismissed. (*See id.*; ECF No. 42 at 1.)

The Fourth Circuit has "set forth three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the

---

[1] The Court construes Plaintiff's pro se filing liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

misconduct prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). "After proof of these elements, 'the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id.* (quoting *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)).

Here, the Court considers each of the three Rule 60(b)(3) factors in turn. Because the Court finds that Plaintiff has failed to satisfy any of the elements required under Rule 60(b)(3), the Court will deny Plaintiff's motion. Consistent with Fourth Circuit precedent, under these circumstances the Court need not also assess the competing policies favoring finality of judgments and justice being done.

First, Plaintiff has not shown that she has a meritorious defense to the grounds on which this case was dismissed. Plaintiff originally brought this action alleging that Defendants violated her civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1 at 3.) Defendants moved to dismiss on multiple grounds, including that Plaintiff's process and service of process were insufficient. (ECF Nos. 13 at 1; 14 at 8.) According to Defendants, Plaintiff's service was insufficient because Plaintiff filed an Amended Complaint before Defendants appeared in the action, and she then failed to have a new summons issued on or after the date she filed that Amended Complaint. (ECF No. 14 at 8–10.) Plaintiff responded that she did not need to serve a new summons because the clerk's office had not automatically issued her one when she filed her Amended Complaint. (ECF No. 19 at 5.) This Court noted that it is not the responsibility of the clerk's office to act as counsel for a pro se litigant and found that because the operative complaint was not served with a valid summons, service was not proper under

Federal Rule of Civil Procedure 4. (ECF No. 36 at 6.) This Court therefore dismissed this action. (*Id.* at 7.)

In her present Amended Motion to Reopen, Plaintiff does not dispute that she never had summons issued on or after the date she filed her Amended Complaint. According to Plaintiff, it does not matter "[w]hether or not the defendants received one summons or one hundred," because "they had until March 19, 2021, to raise any issue they had in regards to the number of summonses they received." (ECF No. 42 at 1.) However, since Defendants never received a single summons issued on or after the date that Plaintiff filed her operative complaint, Defendants could never have been under any deadline, March 19, 2021, or otherwise, to raise their objections to improper service. Rule 12(a)(1)(A)(i) only requires a defendant to serve an answer "within 21 days after being served with the summons *and* complaint." (emphasis added). Therefore, Plaintiff's alleged service of the Amended Complaint without a proper summons on February 26, 2021, could not have triggered the twenty-one-day clock. Accordingly, even if Plaintiff's present factual allegations were true, Defendants did not file their motion for an extension of time late. Moreover, none of this impacts the fact that the Court still does not have personal jurisdiction over the Defendants, and this case still cannot proceed.

Second, Plaintiff has not presented any evidence, much less clear and convincing evidence, of her allegations that Defendants' counsel committed fraud or other misconduct. There are no exhibits, affidavits, or anything else accompanying her Amended Motion to Reopen. That said, the Court notes that on March 31, 2021, Plaintiff filed a "Response to Motion for Extension of Time to File a Responsive Pleading" that included what appears to

be a copy of a FedEx proof-of-delivery to one of the Defendants dated February 26, 2021. (ECF No. 9 at 13.) However, this filing also includes proof-of-deliveries for the other two Defendants each dated March 2, 2021, (*id.* at 5, 9), and contains a statement by Plaintiff that "[o]n March 2, 2021, [all three Defendants] received a copy of the [original] summons . . . [and] amended complaint," (*id.* at 1). That Plaintiff herself looked at these receipts and summarized them as showing a March 2, 2021, delivery date for the Defendants collectively demonstrates that Defendants committed no misconduct when they too reached that conclusion—at worst, Defendants omitted what all parties believed was irrelevant information.[2]

Third, Plaintiff has not shown that she was prevented from fully presenting her case. In Plaintiff's Amended Motion to Reopen, she states that she "discover[ed] the [alleged] lie . . . shortly after March 31, 2021." (ECF No. 40 at 3.) Defendants did not file their motion to dismiss Plaintiff's Amended Complaint until April 15, 2021, (ECF No. 13), and this Court did not rule on that motion until March 10, 2022, (ECF No. 36). Based on these dates, Plaintiff had a full opportunity during the eleven months Defendants' motion was pending to present her contention that Defendants missed a filing deadline, and to explain why that should preclude dismissal for lack of proper service.

---

[2] The Court located these FedEx receipts not because Plaintiff cited them in her Amended Motion to Reopen, but because Defendant cited Plaintiff's prior filing as evidence that Plaintiff had previously raised all of her current arguments. (ECF No. 41 at 4.) It is Plaintiff's burden, not Defendant's burden, to direct the Court to portions of the record that support her motion. The Court has addressed these receipts only to make it clear that proof that an Amended Complaint was delivered on February 26, 2021, to one of the three Defendants is not a basis for Court to reopen this case.

6

Case 1:20-cv-01166-LCB-JEP   Document 44   Filed 12/22/22   Page 6 of 7

Thus, Plaintiff has not satisfied any of the three factors that a moving party must establish to prevail on a Rule 60(b)(3) motion, and this Court will therefore deny Plaintiff's Amended Motion to Reopen.

Finally, the Court notes that Plaintiff included in her Amended Motion to Reopen a request to amend her complaint and a request to add additional defendants. (ECF No. 40 at 3.) Because this case was dismissed and will not be reopened, these requests will be denied.

For the reasons stated herein, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Plaintiff Kenya Teasley's Motion to Reopen, (ECF No. 37), was abandoned by Plaintiff and therefore is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Motion to Reopen, (ECF No. 40), is **DENIED**.

This the 22nd day of December 2022.

/s/ Loretta C. Biggs
United States District Judge